**Lanis C. PULLUM, Appellee,**

v.

**Robert SMALLRIDGE, Superintendent of Schools of the City of Oak Ridge, Tennessee, Jo Ann Garrett, Steve Jernigan, Shirley Hendrix, J.C. Scarbrough and John Murphy, Constituting the Members of the City of Oak Ridge Board of Education, Appellants.**

Supreme Court of Tennessee.

June 6, 1983.

Don A. Layton, Layton, McNees & Knolton, P.C., Oak Ridge, for appellee.

James M. Webster, Oak Ridge, for appellants.

## OPINION

FONES, Chief Justice.

The sole question before this Court is whether a principal seeking judicial review of his transfer to the position of a teacher at a lower salary is entitled to full pay as a principal during the period of litigation challenging the transfer.

I.

Plaintiff, Lanis Pullum, was the principal of the Glenwood Elementary School in the Oak Ridge School System. Pursuant to the action by the Oak Ridge Board of Education, with the concurrence of school superintendent Robert Smallridge, and after a hearing was held upon plaintiff's request, plaintiff was transferred to the position of a teacher at a reduced salary, effective at the commencement of the 1980–81 school year.

Litigation ensued in Anderson County Chancery Court in which plaintiff alleged he had tenure as a principal, challenged the transfer as being arbitrary, capricious, and illegal, and sought reinstatement as principal with full pay. The chancellor entered an interim order that during the pendency of the litigation, plaintiff was entitled to retain the title of principal and to be paid a principal's salary, plaintiff was subject to carrying out administrative duties required by defendant, and plaintiff was not required to teach at Glenwood Elementary. The chancellor at this time held in abeyance and made no ruling as to whether plaintiff was to return any portion of the salary paid him during the pendency of the lawsuit.

After a full hearing, the chancellor dismissed the suit, finding that plaintiff had failed to prove the transfer arbitrary, capricious, and illegal and that plaintiff did not have tenure in his position as principal. The chancellor made no ruling regarding the return of plaintiff's salary paid *pendente lite,* and plaintiff did not appeal. Once the chancellor's order had become final, defendants unilaterally adjusted plaintiff's earned vacation pay in the amount of $749.22, by setting off the difference between plaintiff's salary as principal and that of teacher to reflect the period from the commencement of the 1980–81 school year until the date the chancellor's order became final.

Plaintiff filed a Petition for Contempt to challenge the salary adjustment and the Oak Ridge School System defended on the grounds that plaintiff was not entitled to a principal's salary for the 1980–81 school

year since the transfer had been upheld. The chancellor was of the opinion that plaintiff's initial petition was brought pursuant to T.C.A. § 49–1417, and therefore it followed that the filing of said petition "suspend[ed] the order of the board pending a decision by the chancellor" upon a hearing *de novo.* Thus, the chancellor held that plaintiff was entitled to a principal's salary up until his decision upholding the transfer and concluded that defendant erred in making adjustments in plaintiff's salary to reflect the school period in which the lawsuit was pending.

Defendants contend before this Court that the original litigation challenging the transfer was not brought pursuant to T.C.A. § 49–1417, but that it was governed by our holding in *McKenna v. Sumner County Board of Education,* 574 S.W.2d 527 (Tenn.1978); that the chancellor's upholding of the transfer rendered it effective as of its commencement date as originally set by the school system and justified plaintiff's salary adjustment accordingly.

## II.

The Tennessee Teacher Tenure Act, T.C.A. § 49–1401 *et seq.,* contains two separate provisions dealing with "dismissals and suspensions" and "transfers" within a school system. "Dismissals and suspensions" are covered by T.C.A. § 49–1412. That section sets forth five conditions under which a teacher may be dismissed: incompetence, inefficiency, neglect of duty, unprofessional conduct, and insubordination. Judicial review of "dismissals and suspensions" is governed by T.C.A. § 49–1417, which provides in part as follows:

"A teacher under 'permanent tenure' or 'limited tenure' status who is dismissed or suspended by action of the board, may obtain a judicial review by filing a petition in the chancery court of the county where the teacher was employed. . . .

\* \* \* \* \* \*

The filing of such petition shall suspend *the order* of the board pending a decision by the chancellor, but the teacher shall not be permitted to return to teach-

ing pending final disposition of the appeal. . . . The hearing shall be de novo and may be on deposition and interrogatories, or on oral testimony. The chancellor shall reduce his findings of fact and conclusions of law to writing and make them parts of the record. . . . "

"Transfers" within a school system are covered by T.C.A. § 49–1411, as follows:

"The superintendent, with the approval of the board, when necessary to the efficient operation of the school system, may transfer a 'teacher' from one location to another within the school system, or from one type of work to another for which he is qualified and certificated. Such a transfer can be made only by the concurrent action of the superintendent and the board."

*McKenna* involved a transfer of position from a full-time principal of a large elementary school to that of principal and teacher at a smaller elementary school and a reduction in annual salary of $2,145, which the principal alleged was a "demotion." One of the central issues was whether the shift constituted a "dismissal and suspension," § 49–1412, or a "transfer," § 49–1411. This Court found that only a "transfer" had occurred, and held that the statutes and case law restrict tenure to the position of teacher and do not extend to any particular job assignment and that T.C.A. § 49–1411 was separate and distinct from the statutes governing dismissal and suspension. The Court concluded as follows:

"We conclude from the statutory language and from the foregoing cases that the transfer of a tenured employee must be made with the concurrence of the superintendent of schools and the Board of Education. When so made, it need not necessarily be preceded by formal written notice and a hearing, so long as it is made in good faith, in accordance with the criterion set forth in the statute—efficient operation of the school system. An employee so transferred, however, is entitled to be protected from arbitrary and capricious action, or from transfers actuated by political or other improper motives.

To this end he may bring a direct action in the courts to have determined the question of whether or not a transfer was made in accordance with the statutory requirements. Judicial review is limited to determining that question, and must be conducted in light of the broad discretion which the statutes clearly give to the superintendent and to the Board.

\*     \*     \*     \*     \*     \*

Since appellant's transfer was made upon concurrent action of the Superintendent and the Board, he bore the burden of proof to establish by a preponderance of the evidence that the transfer was arbitrary, capricious, or improperly motivated." *Id.* at 533–35.

### III.

It therefore follows that "transfers" become effective upon the school board's approval of the superintendent's recommendation, and the limited issue that may be asserted for judicial review would not "suspend" the transfer, as would be the case if judicial review were governed by T.C.A. § 49–1417. Thus it was error for the chancellor to hold that the filing of plaintiff's original petition suspended defendants' order of plaintiff's transfer to teach at a reduced salary until the chancellor later could find that the transfer was neither arbitrary, capricious, nor improperly motivated.

The decree of the Chancery Court of Anderson County is reversed and this suit dismissed. Costs adjudged against plaintiff, Lanis Pullum.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.